UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DONNY RAY WELCH, <br> TDCJ No. 1375713 <br> SID No. 7441051 <br><br> Plaintiff, <br><br> v. <br><br><br><br> TEXAS TECH UNIVERSITY HEALTH <br> SERVICES CENTER, *et al.* <br><br> Defendants. | <br><br><br><br><br><br><br><br> CIVIL ACTION NO. <br> 5:10-CV-077-BG <br> ECF |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Donny Ray Welch brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary damages and injunctive relief for civil rights violations he contends occurred during his incarceration at the Price Daniel Unit ("Daniel Unit") and the John T. Montford Unit ("Montford Unit") of the Texas Department of Criminal Justice ("TDCJ"). The United States District Court transferred this case to the United States Magistrate Judge for further proceedings on August 19, 2010. On December 14, 2010, the undersigned conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). Welch has not consented to the jurisdiction of the United States Magistrate Judge. The undersigned now files this Report and Recommendation.

## I.   PRELIMINARY SCREENING

Welch's claims are subject to screening pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of an action brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from

a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (2011). An action is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). An action lacks an arguable basis in law if it is based on an "undisputably meritless legal theory" and lacks an arguable basis in fact "if the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted). The court may dismiss such complaints based upon the plaintiff's allegations, testimony obtained at a *Spears* hearing, and upon authenticated prison records. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Wilson v. Barrientos*, 926 F.2d 480, 482-84 (5th Cir. 1991).

## II.  WELCH'S COMPLAINT

Welch's claim centers around cluster migraine headaches and tension headaches he claims he has been experiencing ever since he suffered a massive heat stroke in 1992. He contends he informed all of the defendants in both verbal and written form of both his condition and the only effective treatment upon his incarceration in TDCJ in 2006. Welch asserts that the treatment he was given was grossly inadequate and included "toxic" doses of ibuprofen.

At the *Spears* hearing, Welch testified that TDCJ delayed significantly in sending him to a specialist. He stated that he was eventually seen in 2009 by a neurologist who confirmed that he suffered from cluster headaches and tension headaches. He also stated that the neurologist found the cause of the tension headaches to be a swollen occipital nerve but was not certain of what caused his cluster headaches. Welch claims the neurologist ordered Relpax and a muscle relaxer for him, but she later told him she could not make TDCJ personnel give him the medications. In his complaint, Welch claims that he was never treated for tension headaches. He claims he was merely told that the tension headaches were caused by stress and that he therefore needed to relax.

2

**III.     DISCUSSION**

To state a cause of action for inadequate medical care against individual defendants, a prisoner must show deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* "A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Easter v. Powell*, 467 F.3d 464, 464 (5th Cir. 2006) (internal quotations omitted).

A disagreement between an inmate and his physicians as to what course of treatment is appropriate for his particular condition does not establish deliberate indifference to medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care can only amount to an Eighth Amendment violation if there has been deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993). Authenticated medical records regarding examinations, prescribed medications, and modes of treatment may rebut a prisoner's claim of deliberate indifference. *See id.* at 193-195.

Welch's allegations do not state a violation of his constitutional rights. Welch testified at the *Spears* hearing that medical personnel saw him several times in regard to his headaches. He further testified that he was prescribed a variety of treatments for his headaches. Authenticated

medical records show the same.[1] Clinic notes throughout the medical records document the effect the various prescribed medications had on Welch's headaches. For example, during one visit to the Montford Unit clinic Welch stated that Verapamil greatly decreased the frequency and severity of his cluster headaches. The record is replete with instances in which medical personnel would ask Welch how a particular medication was helping his headaches and then, depending on his answer, modify treatment accordingly. The records also show that Welch was frequently seen and treated by medical personnel for a variety of non-headache related complaints. For these reasons, it cannot be said that Welch experienced an unnecessary and wanton infliction of pain, nor that prison staff refused to treat him or ignored his complaints. *See Easter*, 467 F.3d at 464.

Welch claims he was given "toxic" doses of ibuprofen. Nothing in the authenticated medical records shows Welch ever suffered ill effects from the prescribed ibuprofen. Indeed, even if Welch had negligently been given too high a dose of ibuprofen, an allegation of medical malpractice does not state a constitutional claim. *Estelle*, 429 U.S. at 106. Though intentional incorrect treatment can constitute deliberate indifference, Welch has offered no evidence to show that incorrect treatment, if any, was given intentionally. *See Easter*, 467 F.3d at 464.

Welch also complains that he was—at least for some periods of time—not given Relpax instead of other medications prescribed to him for the treatment of his headaches. Welch's request for a particular medication instead of other medications amounts to a disagreement with the

---

[1] The authenticated records show that Welch was seen very frequently in regard to his headaches and was prescribed various medications as treatment. Among the medications that TDCJ prescribed him are Verapamil, propranolol, naproxen, Tylenol, and ibuprofen, among several others.

treatment prescribed by medical personnel, and therefore does not constitute deliberate indifference.[2] *See Norton*, 122 F.3d at 292.

Welch asserts that TDCJ refused to let him see a specialist until 2009, despite the fact that he advised TDCJ of his headaches when he was incarcerated in 2006. These allegations do not state a claim of deliberate indifference. Though Welch may not have seen a specialist until 2009, he was seen regularly for his headaches throughout his time at TDCJ and received treatment. Welch therefore did not experience a delay in obtaining medical care. As a result, the question raised in situations involving delay of treatment—whether deliberate indifference resulting in substantial harm was present—is not reached. *Mendoza*, 989 F.2d at 195.

Welch nonetheless asserts that, despite being seen by medical staff and prescribed different treatments, his headaches persist. To the extent Welch is unhappy with the results of the treatment prescribed thus far at the prison, unsuccessful treatment without more does not constitute an Eighth Amendment violation. *See Johnson v. Treen*, 759 F.2d 1236, 1238-39 (5th Cir. 1985). Welch has submitted no evidence that prison personnel have refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Easter*, 467 F.3d at 464. Therefore, Welch's complaint should be dismissed as frivolous. Although the court sympathizes with the frustration and pain Welch may have endured as a result of his condition, his allegations do not rise to the level of a constitutional violation.

---

[2] It is worth noting that Welch's request for Relpax—at least at certain times—could not have been granted in any case. A clinic note from 2008 states that Welch repeatedly requested Relpax for his headaches. The note goes on to state, "However, o/p is on Citalopram and triptans must be used with caution." It is apparent that a clear medical reason exists for why Welch could not be given Relpax.

## IV. RECOMMENDATION

Based on the foregoing discussion, the undersigned recommends that the District Court dismiss as frivolous Welch's complaint and all claims therein against all defendants pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that any pending motions be denied as moot and that the dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

## V. RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:  June 1, 2011.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge